19-3718 and counsel may proceed. Thank you, your honors. May it please the court. My name is Christy Martin. I represent the appellant Javier Hart. With your permission, I would like to reserve two minutes of my time for rebuttal. Granted. Thank you. The parties are in agreement here, of course, that the decision below doesn't meet the requirements of United States v. Easter. If the court would indulge me one point before I jump into jurisdiction, I want to emphasize something that was in my letter brief that I want to make sure was clear. The limitations section in 404C of the First Step Act sets out three categories of cases that are precluded from getting more relief. One is the sentences that were imposed in accordance with the Fair Sentencing Act of 2010. The other is sentences that have been reduced in accordance with the Fair Sentencing Act of 2010. Contrast this with the third category, which relates to motions made under the First Step Act of 2018 after the date of enactment of the act. I wanted to point this language out to your honors because I think the variation in terms suggests a variation in meaning. I'm not sure if I was as clear as I could have been with that in my original briefing. But our position is absolutely that the provision that says previously reduced in accordance with the Fair Sentencing Act is not applicable to the case here, but instead refers to those cases that came back after United States v. Dorsey or for some other reason. Why should we limit it to the language is just previously reduced in accordance with the amendments? Why doesn't that encompass 404B as well as Dorsey? Well, your honor, most specifically because Congress chose not to use the word motion there. It also does not specify, it doesn't say previously reduced in accordance with this act or after filing a motion under this act. It says in accordance with the Fair Sentencing Act of 2010, which of course takes us back to the cases that were not sentenced in accordance with the act until the Dorsey decision came down and held that the Fair Sentencing Act was applicable to cases on appeal. This brings us full circle since 404 is application of Fair Sentencing Act. It has the effect of making retroactive for this category, providing for a mechanism for sentences to be reduced and then imposing a limitation that covers, it would seem the full spectrum. Your honor, I think it did intend to cover the spectrum, but I think in that portion, it very clearly relates to those older cases that have already gotten this benefit and do not, they're not granted the opportunity to file a motion under this statute. I recognize that we sort of come back to the same place, but unfortunately we are, we're looking at a case here, which is, I want to say one in a hundred, if not a thousand. In the sense that there really be cases where motions under the First Step Act were granted and are filed again. I did outline in our briefing sort of the culmination of factors that led us to this point. This really is sort of a one, hopefully one time unique kind of case. I don't even know that it could come up in another district. And so for that reason, I think they had reason to be very specific in the text of 404C. They certainly weren't anticipating these bizarre circumstances. And in the first two sections, they're referring to people who previously were sentenced effectively under the Fair Sentencing Act of 2010. And then they address people who have filed motions under this new statute. So I just, I wanted to make that part clear, because it is our position that regardless of whether the statute were deemed jurisdictional, we believe Mr. Hart is certainly eligible to have filed the motion below. But with that said, I'll go ahead. By your reading then, this one, if there's not a limitation imposed for motions filed under 404B, then someone filing 404B motions could just continue to come forward with successive motions. I think you're right. I think it can be read that way. I think from a practical standpoint, that is not something that is going to happen. It's something that could potentially happen once, and then another motion would be denied, and we would be into the other category. It's certainly not a situation that we've seen happening here outside of these circumstances. But why should we read Congress's words that way? I mean, that would seem to have the effect that as long as there was a reduced sentence, that a defendant, for example, could wait another year, show additional rehabilitation, and there would be no bar on filing a successive motion. Why not read it so that all of the reductions under the Fair Sentencing Act are treated uniformly in the limitations on a motion following a prior reduction? Your Honor, I think that that would be a very fair policy perspective on that. But what I am relying on is simply the actual language of the statute that Congress chose to put into Section 404C. As I said before, I don't think that it was something on anyone's minds that circumstances like this would happen. I think we are working in the background of many, many years of the 3582C2 motions and where that has not been an issue or a problem. And so it certainly just may not have been a concern. You suggested this is unique. I just want to make sure. You mean this class of cases, those where there was a joint letter filed? Well, that may be in one sense, because I cannot speak to other districts, and I do not think that outside of the Eastern District of Pennsylvania, they may not have had this unique process in place the way that our office has. We've worked very closely with the U.S. Attorney's Office since 2008. Every time a crack reduction type thing has gone through, I don't know that other people do that. But the other unique thing about this was, I mean, unfortunately, in the heat of getting this stuff together and moving, my office misunderstood the scope of the statute. I've done everything I can to go back through all of the agreement cases and make sure this didn't happen to anyone else. But unfortunately, it was a confluence of a misunderstanding on our part and a use of an old procedure that perhaps wasn't as appropriate to this new statute as we thought it would be. Why isn't a better reading of the statutory text that taking 404C as a bar, as a limitation where there was a sentence previously reduced, including the 404B, to look back and say, under 404B, with the overlay of Easter, that we don't have here a court having imposed a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect? Because we can't ascertain from the order that the court did take into account the 3553A factors. Well, Your Honor, I absolutely agree with that as well. Part of my argument in the letter brief was that this portion of the language that talks about being previously reduced in accordance with shouldn't be read to involve any less of an analysis than what we're reading into the on the merits requirement of the motion in the lower section. And so sort of a secondary part of my argument in the letter brief was absolutely that this letter agreement did not permit the court to do that full analysis that would normally be done in cases where someone was being sentenced or resentenced or someone who was litigating a motion. Counsel, can I ask you, are you aware of other sources of law that read in accordance with to mean not under, but complying with all the requirements of? Can you cite any analogs that read in accordance with as broadly as you need to for that part of your argument? Your Honor, unfortunately, I cannot. I cannot. I'm taking, I'm really attributing the meaning from the other phrases in this provision, but I cannot cite to you a specific other statute where in accordance is read that way. Let's say in accordance with means what you want it to mean. His earlier reduction, I mean, it's not just under the Fair Sentencing Act. It's under the, this is a, now we're talking about a motion under the First Step Act. Does that make a difference? Does it make a difference whether it's just the Fair Sentencing Act 2010 or whether the motion is really under the First Step Act coming after that for purposes of 404C? Oh, I think if I understand your question correctly, I think that goes to my first point, which is that in this case, the letter agreement did, it did come through or was filed pursuant to the First Step Act of 2018, whereas the language in 404C specifically refers to the Fair Sentencing Act of 2010. Did that answer your question? Okay, or I, I see. So you're saying that this doesn't even qualify within the terms of the 404C bar because the sentence was not previously imposed or previously reduced, but, but it was previously imposed. And the word imposed refers back to this in 404B and it's just talking about imposition in accordance with the Fair Sentencing Act of 2010. What, if both of those sections are referring to this, the same idea, why shouldn't we read them as hand in glove saying that this, that he's had the prior reduction and therefore he's barred? Are you suggesting a different reading for the, the, the language imposed in 404B and 404C? No, not at all. So as we know from EASTER, the language imposed sort of encompasses what I was just talking about, the, the full analysis of the 3553A factors. And so that's part of my argument is that the, the first limitation in 404C uses the word imposed and then goes on to say, or previously reduced in accordance with. My point is that I don't think Congress would have intended a different standard of analysis or a lesser standard of analysis between those two. And then if we look at the third group where we see where it says on the merits, and if we sort of take that in combination with the court's reasoning in EASTER, I think it tells us that there has to be something more than a simple sign off on a reduction, that it needs to be, that it needs to be weighed more carefully than that. Okay. I'm sorry. What, what in EASTER do you think says that if a court didn't consider the factors, it didn't really impose a sentence? Because that's not quite how I read EASTER. Well, so the takeaway from EASTER, at least to me, was that the sort of the background of sentencing law and policy that we have, specifically the procedural reasonableness requirements that we have, generally are going to apply in these motions for sentence reductions. In other words, and I would, I would direct the court to apologize, let me I'm looking at star, page four to five in the EASTER decision, which is titled the district court must consider the 3553A factors, and the court then goes through the text and looks at the statutory sort of background of where all this is coming from, and says 3582 makes clear that the procedural framework is the same. So, and specifically points to the word impose. So when I look at that then in the first step act in section 404, I would certainly attribute the same meaning to that term in both sections, in section B and C. Why shouldn't we take the previously reduced as referring to the reduced in in the very preceding subsection? Well, Your Honor, I think just for that reason, as I think the way I read this, and because it does not mention a motion, it does not mention the first step act, what this, what this indicates to me is this is a case that has come back for resentencing. So therefore, it would have had that same, that same weighing of factors, that same sort of more than just a recalculation of the statutory range and possibly the guideline range, it would have been a resentencing. So, and it's for that reason that I see sort of more than just a mechanistic reduction in that, that class of cases. So help us think about, as we sent out with the notice for counsel to prepare to address some statutes that were not addressed in the supplemental letter briefs, and in particular 2255E, which has essentially identical language, if we are not to do damage to provisions of in habeas where Congress used the word entertain and we and other courts have concluded that that is jurisdictional, where it's language like this, including on second or successive motions, again, with this perhaps, and as legislative history might suggest, being patterned on that habeas bar. If we're going to interpret entertain here as just being a claim as processing rule, what, how would, how would we distinguish it here from the habeas context so that we are not creating a direct conflict with much other precedent about a jurisdictional bar in that context? Certainly. Well, I'll start, Your Honor, with the language shall not entertain. I did, I read through all of the cases that the court suggested and several others. And I think most importantly, I want to start with the decisions in those cases did not sort of rise or fall on the use of that phrase shall entertain. Unfortunately, we're in a position where unless Congress makes a decision to specifically use the word jurisdiction, while we have to start with the text, it's very hard to end there because mandatory rules are going to have the same emphatic language that jurisdictional rules are going to have. So to come more to your question, we have to move to the context in which this language is being used. And while I certainly agree that the context is critical, I cannot agree that there are any meaningful similarities between Chapter 153 in Title 28 and Section 404 of the First Step Act. So let me go back to, I want to point the court to the discussion in Kwai Fun Wong. When we think about shall not entertain and whether that phrase has so much importance. In Kwai Fun Wong, the court looked at a phrase shall be forever barred. That phrase was used multiple times in Title 28 in civil statutes. And the government there argued that the federal, the Tort Claims Act, the use of that phrase in the Tort Claims Act should be jurisdictional because historically that phrase was used as a jurisdictional indicator. Going back, I think, 1863, as far back as 1863, that phrase was deemed jurisdictional. And the court said, well, that was just a rhetorical phrasing, but that doesn't tell us, that doesn't clearly indicate Congress's intent. So I think we cannot use a term or phrase alone to determine the clear intent of Congress. When we look at, for example, 2255E, it does use the language shall not be entertained. I mean, if we're looking for the significance of a ban on a court entertaining a motion, that is identical terminology. And we and other courts have looked to, for example, in United States v. Wheeler, talking about a plain reading of the phrase shall not entertain demonstrates the Congress intended to and unambiguously did strip the district court of power to act. Why should we give it a different reading here? Well, I think one for the reason I just stated, which is there is not really that much consistency in the use of the phrasing. For example, even throughout Chapter 153, there are other jurisdictional provisions where that phrase is not consistently used. I know Mr. Zelser pointed out that the word entertain was used colloquially, if I'm pronouncing that right, in 2255C. But more importantly, Judge, I think these decisions, when you read them, do not turn on a particular word, but on the context and the purpose of the statute. And I think that's really where the similarities end and the distinctions begin. Because we're talking about the entire purpose of Chapter 153 is the gatekeeping of AEDPA. Congress wanted to stem like a tidal wave of just repeated attacks on convictions. And whereas what we have here is we have a remedial statute where Congress wanted to open the door. It's not a wide door. It's a very narrow door. I would also say, I'll go back to Wheeler. Wheeler was very careful about distinguishing between statutes or provisions that limited the class of cases versus conditions precedent to the court adjudicating a matter. And I think rather than any particular language or rather than which party language speaks to, which can be different depending on how it's written, what we really need to look at is whether a provision limits or speaks to the class of cases the court may hear, or simply is, as the court said in Fort Bend County, a non-jurisdictional prescription delineating the court's adjudicatory authority. Those two things sound very similar, except a jurisdictional finding is sort of the nuclear option. And I would add that while 2255 is jurisdictional, its purpose is to designate which class of cases go to 2241, which class of cases are limited to 2255. We do not have that in Section 404C. We know the class of cases that this statute applies to. And furthermore, Section 404 gives the court adjudicatory authority to modify a sentence that it already had jurisdiction to impose or jurisdiction over, which is through Section 3231. So I think the two contexts are very, very different. And if you look at the other habeas statutes that the court pointed us to, they both speak more to the class of cases that may be heard, whereas Section 404C speaks to the court's adjudicatory authority. All right. Go ahead. We'll exceed time, but to the extent we have additional questions, we'll keep going. Thank you. I just wanted to ask, the only other area of – this now is sounding to me like immigration law. And I'm wondering if you have any criminal analogs where we know that time limits are often non-jurisdictional, right? And this is called a limitations period. But this looks like a number bar that I know we have in immigration law. You can only file one of certain kinds of petitions. Are you aware of other analogs in criminal law or habeas where there's a similar number bar that we could look to in terms of whether this is going to be treated more like a statute of limitations than a subject matter jurisdiction limit? Frankly, Your Honor, I do not. And I think part of the problem is how unique this statute is. We haven't had one like this before. We haven't seen the closest comparison, which actually caused the difficulty to begin with, that we have are the 3582 motions. So I regret I cannot actually point you to anything similar to this particular provision. All right. Thank you. Ms. Morton – I'm sorry, Steven. Ms. Morton, you earlier said this was a one-off case. I think you started your argument suggesting. Could we take a very – a narrow path here and take a look at this case under the lens of that he's not precluded from going back to the district court because the previous reduction was not done in accordance with the fair step back because the 3553A factors are not considered? Absolutely. Absolutely could. And I think this is one of those rare cases where, while the government does not necessarily agree that the sentence should be reduced further, they have been very forthcoming in that the court should have an opportunity to do just that. The issue today is not should it be reduced. It's should he be given an opportunity to go back to the district court. Absolutely. All right. And is there any other case that you know of that is in this posture? Or is Mr. Hart's case the only one where there was not consideration by the district court of 3553A factors? Or at least apparent on the basis of the order? Well, Your Honor, I mean, we proceeded by this letter agreement in many cases. But those were all folks who were immediately releasable. This was an anomaly in that way. And to be completely forthcoming, there are potentially two or three cases where the supervised release was eligible, the client was eligible for a supervised release reduction, and that did not happen in the agreement. Is that because your office agreed to a certain sentence that would preclude immediate release? No, not at well. Really, the purpose of the agreements were was to fast track people who both parties agreed could go home immediately. And this case sort of fell into that because, quite frankly, Mr. Hart was sentenced to a very harsh mandatory life term on a relatively smaller quantity of crack and cocaine. And I think the sort of he fell into that category of people who had mandatory life and were now suddenly eligible to have a sentence. If we can go back to Judge Krause's concern, as I understand it, is in other cases, did your office agree to a reduction that could put us in a position where the district court didn't do a 3553A analysis and we're back here arguing the same issue? I have looked and looked, and as far as I can find, there are no other cases where the client was not immediately released. And maybe that doesn't answer your question, but the sentence cannot be reduced any further. Well, the supervised release could be reduced, but that's the supervised release could be reduced. And I've identified, I think, three remaining cases where there is that potential. So I would say our universe cannot be more than four or five. But as far as an actual sentence reduction, we don't have any other cases. Okay. Thank you. We'll hear from Judge Bowser. Oh, sorry. May I? Of course. Of course. Sorry. I want to go back. Maybe it's looping back one more time to Easter. As I understand it, your claim depends upon Easter, right? You prevail. Easter says this. Now, Easter, at the end of Star Page 4, leans on 404B of the First Step Act. The requirement to consider 3553A factors comes from 404B of the First Step Act. That's why IMPOSE imports the 3553A criteria, right? Easter does not ground this in the Fair Sentencing Act of 2010. It's grounding it in the First Step Act. So the problem is you want to read in accordance with – you want to say it had to have been in accordance with the 3553A requirements of the First Step Act. But 404C says if it's in accordance with anything, it's in accordance with amendments made by two and three of the Fair Sentencing Act. So I don't understand how you can benefit from Easter's requirement of 3553A factors and say this was – the first sentencing – resentencing was out of whack with that when 404C doesn't say that the requirement for 3553 factors comes from the Fair Sentencing Act of 2010. Do you understand why the teeth of those gears don't quite fit together? Your claim depends on the First Step Act, but the in accordance with refers only to the First – the Fair Sentencing Act. Your Honor, I think the answer to your question is if we look at the language in 404C when it talks about a sentence previously imposed or reduced in accordance, the use of that word imposed, it's not necessarily – what Easter did is take longstanding precedent on how we sentence an individual defendant and applied it to motions under the First Step Act. But anyone who was being sentenced prior to the First Step Act would have still had that procedural protection of being sentenced based on considerations of all the mandatory sentencing factors. That – 404B talks about imposed or reduced sentence as if sections two and three of the Fair Sentencing Act were in effect at the time. Without 404B, is there any authority for any reduction to be made outside of Dorsey from an initial sentence imposed? Doesn't 3582 require us to look to the first reduction here as – the attempted motion here in any event as under 404B? And this renewal of it, to the extent there's any authorization to reduce a previously imposed sentence, as 404B providing the statutory authority for that under 3582? I certainly cannot argue that I do not have a steep hill to climb in arguing that was not a motion. I guess what I would say is we still – it would have certainly been pursuant to 404B, but that we still don't fit into any of the boxes in 404C. Okay. We'll hear from Mr. Zalzburn. Thank you very much. Good afternoon, Your Honor. May it please the Court? Robert Zalzburn on behalf of the government. I think the way to – I'll answer questions, of course, but the way I'll proceed otherwise is to first address why 404C does apply here and does bar a successive request. But the bar in 404C, in our view, is not jurisdictional. And in this very unusual case, the government is exercising its authority not to insist on enforcement of what is a mandatory claim processing rule. And I can explain why we're doing that in this case. With respect to 404C, it's the one area in which I need to disagree with my friend, Ms. Martin, in the presentation that she's made today. This sentence here was reduced in accordance with the amendments in the Fair Sentencing Act. There simply could not have been a reduction if not for the amendments of the Fair Sentencing Act. The Fair Sentencing Act changed the mandatory minimum provision such that Mr. Hart was no longer subject to a life mandatory. It was now a statutory range of 10 years to life. And it's because of that that the court was able to reduce the sentence from life to 420 months. Mr. Zalzburn, does that depend on us reading in accordance with as having a fundamentally different meaning than as if the sections were in effect? Well, I think it's actually enforcing both provisions, both parts of the language. The reduction is in accordance with the amendments in the Fair Sentencing Act for the reasons I said before. And the court is proceeding as if the provisions of the Fair Sentencing Act were in effect at the time of sentencing. These provisions are consistent with each other. And what happened in this case is consistent with both provisions. The court reduced the sentence in accordance with the amendments as if those amendments were in effect. What basis was there for the court to do that? What statutory basis outside of 404B? The basis for it was under Section 3582C1B, I believe it is, which says that the court may reduce a sentence consistent with the statute, the statute here being Section 404 of the First Step Act that allowed the reduction. Well, it's to the extent that it's authorized by another statute. And isn't the only authorization for a reduction under the Fair Sentencing Act 404B of the First Step Act outside of Dorsey? Yes, it is. And, again, I believe that the court here did reduce the sentence under Section 404B. There was no other authority to do it. The parties were in agreement that it was appropriate because the Fair Sentencing Act had changed those statutory provisions that applied to Mr. Hart, and now Section 404B was making that retroactively applicable. But how can we say that the court imposed a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act were in effect when we have decided in Easter that there are certain steps the court had to go through to do that? It didn't here. And even when it comes to 2255 and successive motions, a petition is not considered to be a second or successive motion unless the adjudication of the first was on the merits. Why shouldn't we apply a similar rule here and say this doesn't really qualify? It was an attempt to do it under 404B, but as with 2255, it was not a prior adjudication under the terms required. I don't read it that way. I think that an Easter error in the reduction does go to the merits. It means that the court made a mistake when it was considering the motion, and that's certainly something that could be appealed, as Mr. Easter did, for example. But I think that would be a quite broad ruling to say that any error in the application of section 404B means that, in essence, there was no earlier reduction, no earlier proceeding. I don't think the analogy to section 2255 with respect is exactly correct. There is no successive motion under section 2255 when the earlier adjudication was not on the merits, for example, was because of a time bar is the most typical example. That's not what happens here. There could be many situations in which a court reduces or declines to reduce a sentence under section 404B, and then the defendant asserts that a mistake was made. I don't think that leads to the conclusion that there was no motion under section 404C. I think that leads to the conclusion that the defendant should appeal, as Easter did, and see whether he can obtain any relief. But that would be quite a broad ruling, I think, to say that. Why would it need to be? Why couldn't it be limited to consideration of the 3553A factors? Well, it could now, but I can foresee that it would mean that other mistakes, for example, as to an interpretation of a particular factor or as to the consideration or the extent of the consideration of a factor most commonly post-sentencing rehabilitation. I really can't think of an analogy where we say that a mistake in determination on the merits means that there wasn't consideration at all. That's quite a profound thing, and I just can't think of an analogy for that. I think the fair approach here is to say the judge did have an adjudication. The argument here is that she made a mistake because she didn't fully – whether she considered the 3553A factors or not, she didn't say that she did, and therefore that was a mistake in the proceeding. So that's our position. Our view is that this was a reduction that could only take place under retroactive application of the Fair Sentencing Act, and therefore you run into the 404C bar, and therefore what this comes down to is whether that bar is jurisdictional or not. So why would the language, no court shall entertain emotion, why shouldn't we read that the same way as we do in the habeas context of no court shall entertain a habeas petition, where we've got successive petitions? Well, so here I get to move into agreement with my friend Ms. Martin that there are many different provisions and many different uses of language by Congress, and the Supreme Court has now very clearly told us now over and over during the past decade that we need to look for clear statements for it to be a jurisdictional bar. And certainly we analogize to other statutes, but that's not necessarily controlling. If I could talk about habeas in general, because that's what the court's letter I think was appropriately focused on. Before we move to that, we're all in agreement that it's not magic words. They don't have to say jurisdiction, right? We're looking at the context, and in particular, whether it's a limitation on the court's authority or is directed to a filer, right? Oh, absolutely. But we still have to look to the language there is and to see what we can glean from it, as well as looking to whether courts have interpreted this particular provision before such that that interpretation has been in existence for some time and Congress would recognize it. With regard to Section 2254, which is the state habeas provision, I think that's easy. I think that recognizing 2254 as a jurisdictional provision, which the cases cited by the court do, is undoubtedly correct because there is no federal proceeding at all prior to the filing of a 2254 motion by a state prisoner. And thus, the person has to meet the standard of Section 2254 in order to even be in federal court. Your Honor is focused, I think, appropriately on Section 2255, which presents the more interesting question where you do have a previous federal proceeding, and now the person is seeking collateral relief. But 2254, when we have Piazeski, Court of Common Pleas, where we've looked at the language of shall entertain an application as what we call the passport to federal habeas corpus jurisdiction. Well, again, there is no precedent that the word entertain by itself means it's a jurisdictional provision. And we cited numerous statutes that use that word in every which way, both jurisdictionally and not jurisdictionally, and sometimes just to refer to, I think there was one statute where it talks about the Senate entertaining a motion on the floor of the Senate, which obviously has nothing to do with a court's jurisdiction. So I think that word by itself doesn't get us very far. We still have to look at what is the nature of the proceeding and the nature of the filing in deciding whether it's jurisdictional or not. So for example, 2255C says that a court can entertain the motion even if the prisoner is not present. That certainly doesn't read like a jurisdictional provision. So I think the word entertain doesn't answer the question. What answers the question is what is the type of proceeding that's involved? And 2255 and habeas in general, historically, and we're familiar with centuries of practice in habeas, is recognized as a separate proceeding. It's a separate civil matter that's directed to the custodian of the prisoner that is brought after the completion of criminal proceedings. And so it's really a different animal than what we're dealing with in 3582, as I'll come back to in a moment. And that's particularly true with regard to section 2255E. And I want to make sure that we haven't lost Judge Bibas. Apologies for the interruption. Yes, we did lose Judge Bibas, and he's rejoining right now. Thank you. Hi, Judge. I see that you have another device connected. Do you want to switch to that? Yes, please. Thank you. Okay. No problem. If you can let me in. You're in. Okay. Judge Bibas, are you there? Yes, just waiting for your picture, Judge Bibas. There we go. Okay. Okay. Okay, so I will take a step back. I'm not sure where Your Honor stepped off. But what I was saying about habeas in general is that it's a different proceeding. It's historically recognized as a separate civil matter that takes place after the completion of criminal proceedings. It's directed to the custodian of the prisoner. And in many ways, under the law, it's seen as a separate proceeding. And that's especially true with regard to a habeas petition under Section 2241. And I think it's very important if we're looking at Section 2255E, which is the Savings Clause, to realize that what that's about is petitions under Section 2241. What 2255E says is that a prisoner simply cannot bring a habeas matter under 2241 if he can proceed by a motion in the sentencing court under Section 2255. I am not going to quarrel at all with the other courts that have held that's a jurisdictional provision with regard to the ability to bring a 2241 matter. A 2241 matter is historically a separate habeas matter challenging custody brought to the custodian. And under current law for the last 60, 70 years, it's really not directed to the conviction at all. It's directed to the enforcement of the judgment by the custodian. So it really sounds in a separate proceeding and you have this requirement that it cannot be brought if a 2255 motion is available. That sounds like it's jurisdictional. And of course there's a great deal of precedent that I think the Supreme Court would recognize seeing that as jurisdictional. That all brings us to this motion. That doesn't describe a Section 404 motion at all, or more broadly a motion under Section 3582C, which is what authorizes the reduction according to Easter under Section 404 of the First Step Act. Section 3582C is about modification of a sentence within the criminal proceeding. It doesn't apply just to retroactive application of the Fair Sentencing Act. It applies to compassionate release, which has a number of requirements. It has an exhaustion requirement. It has a requirement that there be extraordinary and compelling reasons. It applies to motions under Rule 35, which of course is another set of possibilities of a modification of a sentence in a criminal case based on a clerical error, based on a cooperation by the defendant, et cetera. It applies to retroactive sentencing amendments under 3582C2. None of those resemble a separate habeas proceeding. All of those are actions that take place in a criminal case. The fundamental rule of Section 3582 in general is that sentences are final except, and then it provides the examples of when a court can modify an existing criminal sentence. It's pursuant, as Ms. Martin said, to the original jurisdiction of the sentencing court under the standard 28 USC jurisdictional provision. And so we're just being faithful here, I think, to what the Supreme Court has directed, not to assume that the provisions are jurisdictional, to look at the language, look at the history, look at the practice. And we don't see that this resembles habeas matters, which are really different. Now the other interesting thing about Section 2255 is that it then includes a number of provisions, which are very, very important and yet are not jurisdictional. For example, most important is the one year requirement. That is not viewed as jurisdictional. It's subject to waiver. It's subject to equitable tolling, to be able to bring a motion after one year has passed from the judgment becoming final. So how should we think about the interaction of, of, of, of 35. 82 C2 and. The, the authorizing statute. In, in, in Easter, we were able to say, they both point in this direction without trying to reconcile any divergence between them. But. So. What, what if. We were concerned about. For a four C being jurisdictional. Are we looking to 35 82? As. It's itself really the, which we have held, we've held in Witherspoon that that's claims processing. And that was only a version of the prior law. Right. Right. So we've already crossed that bridge. Is that, is that determinative here? Or do we look at these? Do we need to do a separate and parallel analysis involving both statutes? What's the right approach to reconcile them? I think it makes sense to do a separate but parallel approach. I think. So what 35 82 C one says is that the court can reduce a sentence consistent with the statute. So within make sense that if Congress came along and passed a statute. That said, you only have jurisdiction to reduce this type of sentence in this type of circumstance. That would be enforceable Congress gets to limit that particular type. Of reduction jurisdiction. So I think you have to satisfy both. I think your honor is correct. That we're past the question of whether 35 82 C in general is jurisdictional. And certainly the parties here are in agreement that it's not, but then you can certainly, you do have to look at the particular language of the implementing statute. That's 404 C. And when we look at it, we see that it says that a court can entertain a motion. That language does not literally sound in jurisdiction. And that's where we go to the Supreme court, which tells us, don't be so quick to assume that rules are jurisdictional. Entertain a motion. Sounds like an action in a continuing criminal case, which is the way we've treated it. And, and. You know, Easter sort of, you know, without addressing this question is looking at it in the same way. By calling it a resentencing. That's not a plenary resentencing. And all the other statements that are made in that case. So I hope that answers your honors question. I mean, there may come a case there may come a statute. That, you know, we do have to, we're bound by a particular statute, but we just don't see that in the language of section 404 C. What we do see is a mandatory claim processing rule. There's no question that it's mandatory that I have to disagree with Ms. Martin. It would preclude. A reduction in a case like this, but the government has elected here with your honors permission, of course, not to enforce that rule. And so I hope that answers your question. And I'm going to turn it over to Mr. Hart. This is something of a unique case. Mr. Hart. Is really a victim of what was a very salutary practice that was adopted by our office and the defenders association, which was to have a retrospective sentencing measure. And so we've had a very, very strong partnership with the defense association. Which as Ms. Martin says, goes back now 12 years. I mean, we're very proud of the collaboration we've had in, in these circumstances. Well, we've had one set of retroactive sentencing measures after another sort of every two or three years. Going back to 2008. And we developed this practice in which we collaborated with each other. We talked to each other. We reached agreement where we could with the goal of getting to court as quickly as we could, to give relief to those to whom Congress or the sentencing commission wish to give relief. When Mr. Hart's came up at a glance, he, he is in the sweet spot of the person that the fair sentencing act. And then the first step back were meant to benefit. And he was sentenced to a mandatory life term, very draconian sentence based on the quantity of crack. That quantity of crack is now explicitly within the range of 10 years to life instead of life. And so the parties acted quickly. And the defenders sent us the proposed agreement. We signed off on it right away and he got it, but, but he was not, as it turned out in the, in that group of people who were released immediately, he still had some time to serve with the 421 sentence. And so that's why the defenders start relief again. I'm not sure. I doubt it. Practicing. In addition to reflecting well on the. Interaction between the offices. Sure. Countless hours for the district court. And beautiful resources in our court as well. Let me, let me ask you another question, coming at this from a different direction. Do you agree? Yeah, I agree. So, so the, the, the. Were we to, to conclude that. For, for C. Was jurisdictional. Can we read four or four B as. As as simply being. Not satisfied in this, in this unique situation. So that it wouldn't fit under the limitation provision. Again, I don't believe so. I think it'd be very difficult to draw a line of what merits based errors mean that there was not a reduction versus merit based errors that say that there are. I don't think that's that can be supported by the language. The four, four C simply says that if a sentence was previously reduced in accordance with the amendments of the fair sentencing app. That the person should not come back. And I anticipate that that is a restriction a mandatory rule that the government and the courts will enforce because Congress's intent is very clear, which is that we're going to do this one. And we're not going to keep doing it over and over again. And if you think a mistake was made in the one bite at the apple to use judge, the judges expression here, then the remedy is to take an appeal. So I think then regretfully we would be in the position of saying, if the court finds that this is jurisdictional that Mr heart did have his shot. But we don't think it's jurisdictional and we're, we're happy to go back to the district court and let the judge take a look at it. Mr salesman. Could you offer, you know, in response to your friends construction, what, what you how you read the words previously imposed, and then the phrase in accordance with, you know, because your, your friend was suggesting that anytime that it hasn't in fact complied with 3553 a that it doesn't count for for for C purposes and you disagree but you could just walk me through is any time that a sentence was previously imposed or previously reduced sufficient, even if there was a procedural defect or irregularity or oversight to bar, a second one. Yes, that's our view. So the language says that if the sentence was previously imposed or previously reduced in accordance with the amendments made by section two and three of the Fair Sensing Act. And as I've said, this sentence simply could not have been reduced, other than in accordance with the amendments made. That is what permitted the reduction here. Then it continues to say that or if a previous motion made under this section was denied after a complete review of the motion on the merits. So the language seems to anticipate really everything that can happen, which is that you can you're either going to have a reduction, or you're going to have an outright denial. This was not a denial this was a reduction, and it only took place in accordance with the amendments made by the Fair Sentencing Act. And again, you know, I don't want to repeat myself too much but but if you have a merits based error in the denial or the reduction of the extent of the reduction that that doesn't mean that it did not take place. Why shouldn't going back to Judge Beavis's questions to your colleague. Why shouldn't we think about the in accordance with referring to the first, the Fair Sentencing Act, as opposed to what we have here, the First Step Act. So, well, again, it has to be the First Step Act is saying that the reduction is in accordance with the amendments. So it is the simple purpose of the First Step Act is to make retroactive those provisions of the Fair Sentencing Act. I think if this court were to rule that a mistake in the reduction or the denial or the extent of the reduction or that a procedural error in that means that there has not been any action at all, and there can be a second motion. I think that really guts the point here, which is that there generally should be only one motion and it should be fully adjudicated and there should be a right of appeal. Consistent with all of our normal rules but but I think it would be quite a broad statement to say that any error that you know in the procedure means that it didn't happen. And therefore, you can keep going back and taking another shot. I think instead there should be a full adjudication. There was an adjudication here, there was a mistake. Under the circumstances, we don't want to enforce the rule of Rule 404C and that's where we are. All right, unless either of my colleagues has additional questions, we will return to rebuttal and thank you Mr. Salzberg for your input. Thank you. Unless the court would like me to go in a different direction, I just sort of like to just sum up the jurisdictional issue. I think there's a real concern at if we look, if we ask whether something is a limitation on the court's authority in terms of deciding if it's jurisdictional. And I say that because there are many, many statutes that speak to powers of the court that are not jurisdictional. And I think there are many that we can just, it depends on how the phrasing is done. In terms of the cases we've looked at for purposes of argument, I would certainly point to 2253C2, which the court is directed to indicate the reasons there for. There are other statutes outside of that. If we look at the Dolan v. United States, the Supreme Court case, the language there was the court shall set a date for it. It was setting forth limitations and powers of the court in Section 3664. That was held to be not jurisdictional. I think what we take from Fort Bend County, which is one of the most recent cases that we have from the Supreme Court and also from Wheeler, we really need to look at whether the provision is speaking to the class of cases over which the court should exercise jurisdiction, rather than simply delineating adjudicatory authority. I think that that's a much more consistent test for looking at whether these statutes are jurisdictional. And what we have here in Section 404, as I said before, this is a remedial statute. This is an opportunity to go back and fix something that was unfair and unjust. And we're doing it in the context of the same sentence, the same case, the same proceeding. And it gives the court adjudicatory authority to go ahead and remedy that problem. If we look at the legislative history, the concern was certainly, how do we get all of these folks back in to have the court take an individualized look at their cases? Whereas with habeas, we have Congress saying, how do we put a limitation and set up a gate on these repeated requests to look at the same conviction over and over again? So I just wanted to be very careful in terms of what the test is that we put forth for jurisdiction. And I would ask the court to find that there's no basis to find that 404C is a jurisdictional provision. All right. So we thank both counsel for excellent argument. Very helpful today. And we will take the case under submission.